Reese, J.
delivered the opinion of the court.
We are of opinion that the decree of the chancellor, so far a's it directs that the defendant shall account for so much of the judgment obtained by the testator in the State of Georgia against Ellis, as might by reasonable care and dili *595 gence have been collected from his representatives in Missouri, cannot be sustained.
The bill itself and other parts of the record, before us show, that the judgment referred to was obtained, to indemnify the testator against a judgment which the United States had recovered against him in the same State, and that the first named judgment was founded upon a bond executed by Ellis to the testator and which stipulated to indemnify him against the claim of the United States. The record also shows that the judgment on behalf of the United States has not been satisfied. If that judgment had been barred by the statute of limitations, extinguished by the lapse of time, or released by the United States, then the judgment of Elam against Ellis, could not in equity, have been collected; or rather all .attempts to have collected it at law, would have been enjoined by a court of chancery.
There are but two grounds upon which the executor of Elam could have compelled the representatives of Ellis to have satisfied the judgment. 1. That the judgment in favor of the United Stales had been paid by Elam or his representatives; 2. That it was in force, and that the executor was liable to pay it and wished to obtain the means to do so from the representatives of Ellis.
It is not alleged or pretended that the first ground exists. The record shews that it does not. And upon the second ground, if we had the representatives of Ellis before this court, and had placed, as we certainly would place, the compromise mentioned in the record out of the question, we might decree against those representatives; but we would look to it, that the money so enforced from them, should be paid, ¿not to the complainants as distributees, but to their creditor the United States.
In this view of the case, we cannot hold the defendant responsible to the complainants for the non-collection of a judgment, which he ought not, and could not have collected except for the purpose of paying it over to the United States.
2. The views above stated have made it somewhat difficult for us to sustain so much of the decree, as directs that the defendant shall account to the complainants for the sum, he *596 may have received upon the pretended compromise. For he might well have paid over that sum to the United States, and the complainants could not have murmured. The United States might now claim the amount, and may hereafter claim it.
But as we think that the United States have no specific lien upon this fund; as it was not, and is not, the purpose and intention of the defendant to pay it over to the United States; as he made the pretended compromise in the character of executor, and seeks to keep for his own benefit money received in that character, — we are of opinion that the relations between the complainants and the defendant entitle the former, upon their giving refunding bonds, to be severally, as well as the defendant, the depositories of the money until it may be recovered by the Uuited States, and if not so recovered by the United States, or other creditors, to be kept, by them as their own.
The defendant will therefore account for such sums as he has received with interest from the time, he may have received them, and he will be allowed his reasonable expenses for the collection, and the costs will be paid out of the fund,